IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

CASE NO. 1:25-cr-00021-AW-MAL

v.

NOE ALEXANDER FLORES VASQUEZ
  a/k/a "Noe Flores-Vasquez"
  a/k/a "Noel Flores-Vasquez"
_____/

## STATEMENT OF FACTS

The defendant, Noe Alexander Flores Vasquez, agrees to the following facts and admits that, if this case were to proceed to trial, the government could prove them beyond a reasonable doubt:

The defendant is a citizen and national of Honduras. The defendant has never been a natural-born or naturalized citizen, or a national, of the United States.

On November 7, 2013, November 28, 2017, and May 20, 2022, the defendant was removed and deported from the United States.

After the defendant's prior removals, the defendant knowingly reentered and was found to be voluntarily back in the United States. Specifically, on November 26, 2024, the defendant was arrested in Alachua County, Florida for battery offenses and resisting arrest without violence. Federal law enforcement first learned of the defendant's presence in the United States on July 17, 2025, when Alachua County Jail staff notified the Jacksonville Enforcement and Removal Operation Criminal

1

Filed in Open Court
8-12-25
Clerk, U.S. District Court
Northern District of Florida

Alien Program that the defendant had a scheduled court appearance in his pending felony case. Between November 26, 2024, and July 17, 2025, the defendant did not have the consent of the Secretary of Homeland Security for the United States to apply for readmission to the United States.

The defendant's May 20, 2022 removal occurred after a conviction for a felony. That is, on March 9, 2022, the defendant was convicted of Battery on officer, firefighter, medical provider, or public employee, in violation of section 784.07(2)(b), Florida Statutes, a third-degree felony. For this offense, the defendant was sentenced to 47 days in jail.

## Elements

The defendant can be found guilty of violating 8 U.S.C. § 1326 only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant was an alien at the time stated in the information;

(2) the Defendant had been deported or removed from the United States;

(3) afterward, the Defendant knowingly reentered or was found to be voluntarily back in the United States; and

(4) the Defendant did not have the consent of the Secretary of Homeland Security for the United States to apply for readmission to the United States.

Sentencing Enhancement

(5)   the Defendant's removal was subsequent to a conviction for a felony.

Based upon the facts presented above, which are not intended to be exhaustive for this case, the defendant agrees that, if this case were to proceed to trial, the government could prove each of these elements beyond a reasonable doubt.

JOHN P. HEEKIN
United States Attorney

_____
DARREN JOHNSON
Attorney for Defendant

_____
ADAM HAPNER
Assistant United States Attorney

_____
NOE ALEXANDER FLORES VASQUEZ
Defendant

8/12/25
_____
Date

8/12/2025
_____
Date

3